IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

STARR TECHNICAL RISKS
AGENCY, INC., as subrogee of
Optima Chemical Group LLC,

      Plaintiff,

v.

CLEARON CORP.,

      Defendant.

Case No.: 2:22-cv-00032

## COMPLAINT

NOW COMES Plaintiff, Starr Technical Risks Agency, Inc., as subrogee of Optima Chemical Group LLC, by and through its undersigned counsel, and for its Complaint against Defendant Clearon Corp. state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Starr Technical Risks Agency, Inc. ("Starr") is a New York corporation with its principal place of business at 399 Park Avenue, 2nd Floor, New York, New York 10022, authorized to write policies of insurance in the State of West Virginia, and for all relevant times set forth herein, insured the real and personal property of Optima Chemical Company, LLC.

2. Plaintiff's insured, Optima Chemical Group LLC (the "Insured" or "Optima") is a Georgia limited liability company with its principal place of business at 200 Willacoochee Highway, Douglas, Georgia 31535.

3. Upon information and belief, Defendant Clearon Corp. ("Clearon") is a Delaware corporation with its principal place of business at 95 Maccorkle Avenue SW, South Charleston, West Virginia 25303.

4. Federal subject matter jurisdiction is based upon 28 U.S.C. § 1332(a) in that there is complete diversity between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The events and omissions giving rise to Plaintiffs' causes of action occurred in this federal district. Venue is proper pursuant to 28 U.S.C § 1391(b).

## FACTUAL ALLEGATIONS

6. Plaintiff restates and re-alleges each and every allegation contained in the foregoing Paragraphs as though fully set forth herein.

7. This action arises out of fire damage resulting from a chemical thermal runaway event and explosion on or about December 8, 2020 (the "Loss Event").

8. The Loss Event occurred at the Insured's property located at 901 West Dupont Avenue, Belle, West Virginia 25015.

9. Upon information and belief, and prior to the Loss Event, the Insured entered into an agreement with Defendant for Defendant to supply the Insured with chemicals.

10. Upon information and belief, Defendant supplied the chemical called CDB-56 (the "Chemical") to the Insured to be dried.

11. Upon information and belief, Defendant approved the equipment to be used in the dry out process, developed the protocol for the dry out process, supplied the Insured with the safety data sheet related to the Chemical, and supplied the final protocol for drying the Chemical.

12. Upon information and belief, Defendant had representatives on-site the day of the Loss Event and instructed the Insured how to run the dry out process.

13. As the dry out process continued the night of the incident, multiple samples of the Chemical came back off-colored.

14. Pursuant to Defendant's protocols, the Insured notified Defendant of each improper sample and Defendant instructed the Insured to continue with the drying out process.

15. Shortly thereafter, the entire drying unit exploded and resulted in the Loss Event.

16. An investigation determined that the explosion was a result of the Chemical self-heating and reaching a combustible temperature.

17. As a result of the Loss Event, the Insured suffered damages in the amount of $12,878,000.00.

18. As a result of these damages, the Insured made a first-party insurance claim to Plaintiff, and under the policy terms, Plaintiff has issues or will issue payment to the Insured.

19. As a result of the payments to the Insured and by operation of law and contract, Plaintiff became subrogated to the Insured's recovery rights against Defendant.

## COUNT I – NEGLIGENCE

20. Plaintiff restates and re-alleges each and every allegation contained in the foregoing Paragraphs as though fully set forth herein.

21. At all times relevant, Defendant owed a duty to the Insured to exercise ordinary and reasonable care in supplying the Chemical, developing protocols for the dry out process, instructing the Insured during the dry out process, and supervising the dry out process.

22. Defendant breached its duties to the Insured by one or more acts and/or omissions constituting negligence, including, but not limited to the following:

    a. Failing to develop proper protocols for the Chemical dry out process;

    b. Failing to provide proper instruction to the Insured during the dry out process;

    c. Failing to conduct proper supervision of the dry out process;

    d. Failing to use reasonable care so as to avoid harm to the Insured's business and personal property and staff;

    e. Failing to take all other necessary and reasonable precautions to prevent the subject damage; and

    f. Any other acts or omissions that may become known during the course of discovery.

23. As a direct and proximate result of the Defendant's negligence, the Chemical overheated and reached a combustible temperature, resulting in an explosion and the fire, causing substantial damage.

24. As a result of the Loss Event, the Insured suffered damages in the amount of $12,878,000.00.

25. As a result of these damages, the Insured made a first-party insurance claim to Plaintiff, and under the policy terms, Plaintiff has issued or will issue payment to Insured.

26. As a result of the payments to the Insured and by operation of law and contract, Plaintiff became subrogated to the Insured's recovery rights against Defendant.

**WHEREFORE,** Plaintiff asks this Honorable Court to enter a judgment in their favor against Defendant for damages that exceed the jurisdictional limit of this court sought in this Complaint, along with any interest, costs, and fees to which Plaintiff is legally entitled to recover for bringing this action and that this Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all counts so triable.

Dated: January 18, 2022                    Respectfully Submitted,

/s/*Andrew N. Frye, III*
Andrew N. Frye, III, Esq. WV Bar #9847
NOONAN WILLETTS
Monongahela Building
235 High St., Suite 707
Morgantown, WV 26550
Telephone: (304) 627-7205
Facsimile: (301) 759-4977
Email: andrew@noolawllcwv.com